# EXHIBIT 2

EXHIBIT 2
Page 6

```
                                                    CONFORMED COPY
                                                     ORIGINAL FILED
                                                  Superior Court of California
                                                    County of Los Angeles
 1  AARON C. GUNDZIK (State Bar No. 132137)
    agundzik@gghslaw.com                              OCT 01 2018
 2  REBECCA G. GUNDZIK (State Bar No. 138446)
    rgundzik@gghslaw.com                       Sherri R. Carter, Executive Officer/Clerk of Court
 3  GARTENBERG GELFAND HAYTON LLP                 By: Steven Drew, Deputy
    15260 Ventura Blvd., Suite 1920
 4  Sherman Oaks, CA 91403
    Telephone: (213) 542-2100
 5  Facsimile:  (213) 542-2101

 6  JONATHAN M. LEBE (State Bar No. 284605)
    Jon@lebelaw.com
 7  LEBE LAW, A PROFESSIONAL LAW CORPORATION
    777 S. Alameda Street, Second Floor
 8  Los Angeles, CA 90021
    Telephone: (213) 358-7046
 9  Facsimile: (310) 820-1258

10  Attorneys for Plaintiff Paul Ratajesak, individually,
    on behalf of all others similarly situated
11
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12
                  FOR THE COUNTY OF LOS ANGELES
13
```

| PAUL RATAJESAK, individually and on behalf of all others similarly situated, | Case No.: **BC 723954** |
|---|---|
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| vs. | 1. Violation of Labor Code §226.2 (Failure to Pay for Nonproductive Time and Rest Periods) |
| NEW PRIME, INC., a Nebraska corporation; and DOES 1 through 25, | 2. Violation of Labor Code §§ 1194, 1197, 1197.1 (Failure to Pay Minimum Wages) |
| Defendants. | 3. Violation of Labor Code §§226.7 and 512(a) (Failure to Provide Meal and Rest Breaks) |
| | 4. Violation of Labor Code §226 (non-compliant wage statements) |
| | 5. Violation of Labor Code §§201 and 202 (Failure to Pay Unpaid Wages at Time of Discharge) |
| | 6. Violation of Labor Code §2802 (Failure to reimburse necessary expenditures) |
| | 7. Violation of Business & Professions Code §§ 17200 *et seq.* |
| | **Jury Trial Demanded** |

CLASS ACTION COMPLAINT

EXHIBIT 2
Page 7

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Paul Ratajesak is an individual and resident of Los Angeles County, California. Plaintiff worked for Defendants as a truck driver in 2017 and 2018.

2. Plaintiff is informed and believes and based upon such information and belief alleges that Defendant New Prime, Inc. is a corporation organized under the laws of the state of Nebraska. Defendant New Prime is registered to and does conduct business within California and within this County.

3. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of said fictitious Defendants are and were responsible in some manner for the injuries complained of herein. Plaintiff will amend this Complaint to identify such fictitiously-named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

4. The relief sought by Plaintiff on behalf of himself and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The Court has personal jurisdiction over each of the parties because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State.

5. Venue is proper in this County, as Plaintiff resides and received his pay from Defendants in this County.

6. Plaintiff is informed and believes and, based thereon, alleges that the Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiff is informed and believes and, based thereon, alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts

2
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 8

1 complained of herein. Defendants are therefore jointly and severally liable for the injuries
2 complained of herein.

## CLASS ALLEGATIONS

7. Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of himself and the Class described below. The Class is comprised of and defined as:

> All persons who worked as truck drivers for Defendants at any time within the four years prior to the initiation of this action until the date that the class is certified (hereinafter "the Class period"), who were also classified by Defendants as independent contractors and who resided in California while working for Defendants.

8. There exists a well-defined community of interest among the Class, and the Class is readily ascertainable.

9. The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical, and the amount of individual damages is not large enough to make individual lawsuits by each class member practical or feasible. Plaintiff is informed and believes and based upon such information and belief alleges that there are in excess of 50 members of the Class.

10. Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

11. Common issues of fact and/or law predominate in this action over any allegedly individual issues. Specifically, the following common questions of fact or law predominate and make this action superior to individual actions:

  (i) whether Plaintiff and the rest of the Class are entitled to recover damages, penalties and other relief on the grounds that Defendants have used uniform policies and procedures that have consistently violated California labor laws and regulations and caused Plaintiff and the rest of the Class to suffer the same or similar injuries;

3
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 9

      (ii)    whether Defendants failed to pay class members for all of their nonproductive time and rest breaks taken, as required by Labor Code section 226.2;

      (iii)    whether Defendants failed to pay class members for all hours worked at no less than the applicable minimum wage, as required by Wage Order 9 and Labor Code section 1197.

      (iv)    whether Defendants failed to provide wage statements containing all of the information required by Labor Code section 226(a) and 226.2(a)(2);

      (v)    whether Defendants failed to provide Plaintiff and the rest of the Class with legally required meal and rest breaks, in violation of Labor Code Sections 226.7 and 512(a) and the applicable wage order;

      (vi)    whether Defendants failed to compensate Plaintiff and the rest of the Class for all amounts due at the time of discharge, in violation of Labor Code Sections 201 and 202;

      (vii)    whether Defendants failed to indemnify the Class for all of the necessary expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, in violation of Labor Code Section 2802;

      (viii)    whether Defendants illegally treated Class members as independent contractors, in violation of California law and the standards set forth in *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903 (2018); and

      (ix)    whether Defendants' practices constitute unfair, fraudulent, or illegal business practices under Business and Professions Code Sections 17200 *et seq.*

    12.    California labor laws under which Plaintiff asserts the following causes of action on behalf of himself and the rest of the Class are broadly remedial in nature. These labor laws serve an important public interest in establishing minimum working conditions and standards in California. They furthermore protect employees from exploitation by employers who may seek to take advantage of their superior economic and bargaining power in setting onerous terms and conditions of employment. The class action mechanism is a

4
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 10

particularly efficient and appropriate procedure to redress the injuries alleged herein. If each employee in the Class was required to file an individual action, Defendants would be able to use their superior financial and legal resources to gain an unfair advantage over each individual class member. Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

13. In addition, even if feasible, individual actions by each Class member would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each Class member against Defendants, that in turn could establish potentially incompatible standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members. Furthermore, the claims of each individual Class member are not sufficiently large enough to make it economically feasible to bring each Class member's claims on an individual basis.

## GENERAL ALLEGATIONS

14. Plaintiff is informed and believes and, based thereon, alleges that during the Class Period, Plaintiff and the rest of the Class were employees of Defendants.

15. Plaintiff worked as a truck driver for Defendants in 2017 and 2018. During that time, he resided in Los Angeles, California.

16. Prior to working for Defendants, Plaintiff was required by Defendants to enter into a long-term contract to lease a truck. His lease was with Success Leasing, Inc., which is located in the same building in Springfield, Missouri as Defendant New Prime, and, on information and belief, is affiliated with Defendant New Prime.

17. In order to work for Defendants, Plaintiff was also required by Defendants to pay all expenses associated with operating the tractor and working for Defendants. Such expenses include insurance, fuel, maintenance and repairs and unloading, among other things.

18. While employed on driving assignments for Defendants, Plaintiff was not provided with compliant meal and rest breaks. And, when Plaintiff took ten-minute rest breaks, he was not separately compensated for such time.

19. While employing Plaintiff and other Class members, Defendants did not provide them with wage statements that fully comply with California law.

20. When he left his job with Defendants, Plaintiff was not paid all wages owed within the time period specified in Labor Code sections 201 and 202.

21. On information and belief, Plaintiff alleges that Defendants applied the same policies described above to all other members of the proposed Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code Sections 17200 *et seq.*

### FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES OWED
(Against all Defendants)

22. Plaintiff re-alleges and incorporate herein by this reference each of the allegations set forth in Paragraphs 1-21, inclusive.

23. During the Class period, Labor Code section 226.2 applied to Defendants' employment of Plaintiff and the rest of the Class. Among other things, Labor Code section 226.2 mandates that employees paid on a piece-rate basis be separately paid for their nonproductive time and separately paid, at the regular rate, for time spent on rest breaks.

24. Plaintiff and members of the Class were not separately compensated for their nonproductive time or rest breaks taken.

25. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants unpaid wages under California law, at any time within the four years prior to the initiation of this action until the date that the Class is certified, plus liquidated damages under Labor Code Section 1194.2, interest thereon, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### FOR VIOLATION OF LABOR CODE SECTIONS 1194, 1197 AND 1197.1

26. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-25, inclusive.

27. During the Class Period, Labor Code sections 1194, 1197 and 1197.1 and the applicable Wage Order applied to Defendants' employment of Plaintiff and the rest of the Class.

28. Section 1197 specifies the establishment of a minimum wage that must be paid to employees for each hour worked. Section 1194 gives an employee the right to recover any unpaid minimum wages from his or her employer.

29. During the Class Period, Defendant failed to always pay the minimum wage to Plaintiff and Class members for each hour that they worked for Defendants.

30. Accordingly, Plaintiff and the Class are entitled to recover all unpaid minimum wages, plus interest and attorney's fees and liquidated damages under Labor Code section 1194.2.

## THIRD CAUSE OF ACTION
### FOR VIOLATION OF LABOR CODE SECTIONS 226.7(b) AND 512(a)
### AND THE APPLICABLE IWC WAGE ORDER
(Against all Defendants)

31. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-30, inclusive.

32. During the Class Period, Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the Class.

33. At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Order also required Defendants, every time Plaintiff and the Class worked a period of five (5) or more hours per day, to permit Plaintiff and the Class the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the Class were and

7
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 13

are free to leave their trucks and were and are relieved of all duty. Furthermore, at all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Wage Order provided that employers such as Defendants could not require or permit an employee such as Plaintiff or a member of the Class to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is or was no more than twelve (12) hours, the second meal period could and may be waived by mutual consent of the employer and the employee, but only if the first meal period is not waived.

34. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest per four (4) hours or major fraction thereof" unless the total daily work time in less than three and one-half (3 ½) hours.

35. At all times relevant hereto, Labor Code Section 226.7(b) provided that employers such as Defendants could not require employees such as the Class members to work during any meal or rest period mandated by an applicable order of the IWC.

36. At times during the Class period, Plaintiff and the rest of the Class were not provided with any meal period at all, or were required by Defendants to work more than five (5) hours per day before they were given the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the Class were and are free to leave their trucks and were and are relieved of all duty. Furthermore, at times during the Class period, Plaintiff and the Class were required by Defendants to work more than ten (10) hours per day without being provided with the opportunity to take a second meal period of not less than thirty (30) minutes, with the exception of those employees who worked twelve (12) hours or less per day and legally waived their second meal periods by mutual written consent.

8
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 14

37. In addition, during the Class Period, Defendants failed to provide Plaintiff and the rest of the Class with all of the required compliant rest periods in violation of Labor Code Section 226.7(b) and the applicable IWC Wage Order.

38. Accordingly, pursuant to Labor Code Section 226.7(c), Plaintiff and the rest of the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a compliant meal or rest period was required, but not provided.

## FOURTH CAUSE OF ACTION
## FOR VIOLATIONS OF LABOR CODE SECTION 226

39. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-38, inclusive.

40. During the Class period, Labor Code Section 226(a) applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 226(a) required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing: "(1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

41. In addition, pursuant to Labor Code section 226.2, wage statements must include: "[t]he total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period" and "the

9
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 15

1 total hours of other nonproductive time, . . . the rate of compensation, and the gross wages
2 paid for that time during the pay period."
3   42. Plaintiff is informed and believes and, based thereon, alleges that during the
4 Class Period Defendants knowingly and intentionally failed to provide such accurate
5 itemized wage statements to Plaintiff and the members of the Class. Therefore, Defendants
6 violated Labor Code Section 226(a). Plaintiff and the rest of the Class suffered injury as a
7 result of Defendants' failure to comply with Labor Code Section 226(a).
8   43. Accordingly, pursuant to Labor Code Section 226(e), Plaintiff and each
9 member of the Class are entitled to recover from Defendants the greater of their actual
10 damages or fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one
11 hundred dollars ($100) for each subsequent violation during the applicable limitations
12 period, up to a maximum of $4,000 per Class member or the then applicable legal rates at
13 the time of adjudication, plus their reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## FOR VIOLATION OF LABOR CODE SECTIONS 201 AND 202
(Against all Defendants)

17   44. Plaintiff re-alleges and incorporate herein by this reference each of the
18 allegations set forth in Paragraphs 1-43, inclusive.
19   45. During the Class period, Labor Code Sections 201 and 202 applied to
20 Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto,
21 Labor Code Section 201 provided that, if an employer such as Defendants discharged an
22 employee such as a member of the Class, the wages earned and unpaid at the time of
23 discharge were due and payable immediately.
24   46. Furthermore, at all relevant times Labor Code Section 202 provided and
25 provides that, if an employee such as a member of the Class voluntarily leaves his or her
26 employment, the wages earned and unpaid must be paid by the employer within seventy-two
27 (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice
28

10
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 16

of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

47. Plaintiff and other members of the Class left their position of employment at Defendants' business during the Class period. However, Defendants willfully did not pay Plaintiff and the Class all of the wages that were due to them within the time required by sections 201 and 202. Defendants therefore violated Labor Code Section 201 and 202.

48. During the Class period, Labor Code Section 203 provided that, if an employer such as Defendants fails to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Plaintiff and the members of the Class who were discharged or who quit during the Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days, plus interest, costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
## FOR VIOLATION OF LABOR CODE SECTION 2802
(Against all Defendants)

49. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-48, inclusive.

50. During the Class period, Labor Code Section 2802 applied to Defendants' employment of Plaintiff and the rest of the Class, and required employers such as Defendants to reimburse their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties, which includes the obligation to reimburse employees for the cost of using their own vehicles to perform their jobs for Defendants.

51. Defendants have failed and refused to compensate Plaintiff and the Class for any of these expenses. Accordingly, Plaintiff and the rest of the Class are entitled to recover

11

CLASS ACTION COMPLAINT

EXHIBIT 2
Page 17

from Defendants the cost of their reimbursable expenses, interest thereon, together with their reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.
(Against all Defendants)

52. Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-51, inclusive.

53. During the Class period, Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Class and the general public. Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 et seq. Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 et seq.

54. Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

    a. Defendants' failure to properly compensate Plaintiff and the Class for nonproductive time and rest breaks taken.

    b. Defendants' failure to pay Plaintiff and Class members at the applicable minimum wage for all hours worked.

    c. Defendants' failure to provide legally-required meal and rest breaks, as required by Labor Code Sections 226.7(b) and 512(a) and the applicable IWC order and to compensate Plaintiff and Class members for such non-compliant breaks, as required by Labor Code section 226.7(c).

    d. Defendants' failure to reimburse Plaintiff and the Class for their reimbursable expenses as required by Labor Code Section 2802.

56. Accordingly, pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiff and the rest of the Class are entitled to restitution of wages and other property held by Defendants during the Class Period.

57. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that he has suffered an injury in fact and has lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

## PRAYER

WHEREFORE, Plaintiff prays for judgment on behalf of himself and the rest of the Class against all Defendants, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For unpaid nonproductive time and rest breaks;
2. For liquidated damages pursuant to Labor Code Section 1194.2;
3. For prejudgment interest; and
4. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE SECOND CAUSE OF ACTION

1. For unpaid minimum wages;
2. For prejudgment interest; and
3. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE SECOND CAUSE OF ACTION

1. For unpaid wage premiums for failing to provide compliant meal periods and/or rest periods;
2. For prejudgment interest; and
3. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE THIRD CAUSE OF ACTION

1. For damages under Labor Code Section 226(e) for the failure to provide accurate wage statements in accordance with Labor Code §226(a);
2. For reasonable attorneys' fees under Labor Code Section 226(e).

13
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 19

### ON THE FOURTH CAUSE OF ACTION

1. For the wages of each Class member who is no longer employed by Defendant at their regular daily rate up to a maximum of thirty (30) days;
2. For prejudgment interest; and
3. For reasonable attorneys' fees.

### ON THE FIFTH CAUSE OF ACTION

1. For unreimbursed expenses incurred by Plaintiff and the Class;
2. For prejudgment interest;
3. For reasonable attorneys' fees and costs under Labor Code Section 2802.

### ON THE SIXTH CAUSE OF ACTION

1. For restitution of all unpaid wages, overtime and other monies withheld from Plaintiff and the rest of the Class as a result of Defendants' unfair, unlawful or fraudulent business practices;
2. For reasonable attorneys' fees and costs under Code of Civil Procedure Section 1021.5.

### ON ALL CAUSES OF ACTION

1. For certification of the First through Sixth Causes of Action as a class action;
2. For attorneys' fees and costs pursuant to Civil Procedure Section 1021.5, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine; and,
3. For such further relief as the Court may deem appropriate.

DATED: October 1, 2018            GARTENBERG GELFAND HAYTON LLP

By: _____
Rebecca G. Gumdzik
Attorneys for Plaintiff Paul Ratajesak, individually, on behalf of all others similarly situated

14
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 20

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

DATED: October 1, 2018        GARTENBERG GELFAND HAYTON LLP

By: _____
Rebecca G. Gundzik
Attorneys for Plaintiff Paul Ratajesak,
individually, on behalf of all others similarly
situated

15
CLASS ACTION COMPLAINT

EXHIBIT 2
Page 21